UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JILL HODAPP, individually and on behalf of all those similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) REGIONS BANK, ) ) Defendant. ) ) | Case No. 4:18CV1389 HEA |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint, [Doc. No. 73]. Defendant opposes the Motion. For the reasons set forth below, the Motion will be granted.

### **Facts and Background**

On August 21, 2018, Plaintiff filed the instant matter asserting that Defendant systematically failed to pay all wages, including overtime wages, owed to her and other hourly employees working at Defendant's retail branches in 16 states in violation of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Missouri Minimum Wage Law, ("MMWL"), R.S.Mo. § 290.500, *et seq.*, and Missouri common law. Plaintiff filed her Motion for Conditional Certification of the Collective Action and Court-Authorized Notice on August 31. 2018.

Thereafter, the Parties stipulated to conditional certification and notice was sent to the putative class on March 4, 2019. To date, around 4,000 individuals have filed written consents to join the case as opt-in plaintiffs prior to the opt-in deadline.

Since the conclusion of the notice period, the Parties had agreed to participate in a mediation on October 22, 2019 with mediator Fern H. Singer in Birmingham, Alabama. The Court stayed the matter so the parties could participate in the mediation.

Prior to mediation, Plaintiff filed this Motion to Amend. Plaintiff seeks to add ten (10) of the Opt-in Plaintiffs as additional named Plaintiffs and add Rule 23 claims under the wage and hour law and/or common law of each state in which the additional named Plaintiffs worked for Defendant. Plaintiff identified these additional claims upon the completion of the FLSA notice period when individuals from each of the ten states at issue joined the case. The proposed ten (10) additional Plaintiffs worked in Alabama, Florida, Tennessee, Mississippi, Georgia, Louisiana, Arkansas, Texas, Indiana, and Illinois.

On September 11, 2019, Plaintiff sought Defendant's consent to file her proposed First Amended Complaint. Defendant did not consent.

**Standard**

Leave to amend should be freely given "when justice so requires." Fed.R.Civ.P. 15(a)(2). However, "[t]here is no absolute right to amend." *Becker v. Univ. of Neb. at Omaha,* 191 F.3d 904, 908 (8th Cir.1999). "A denial of leave to futility of the amendment or unfair prejudice to the opposing party.' " *Amrine v. Brooks,* 522 F.3d 823, 833 (8th Cir.2008) (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 557 (8th Cir.2006). "The burden of proof of prejudice is on the party opposing the amendment." *Roberson v. Hayti Police Dept.,* 241 F.3d 992, 995 (8th Cir.2001).

**Discussion**

Defendant argues that two factors to consider are met: Undue delay and unfair prejudice to Defendant and futility of the amendment. Defendant argues the timing of the motion demonstrates Plaintiff's undue delay. According to Defendant, Plaintiff was aware of the claims of out of state Plaintiffs in September, 2018, and therefore, the filing of the Motion for Leave to Amend should have occurred much sooner. Admittedly, Plaintiff was aware of the potential claims and plaintiffs, as Plaintiff points out, in order to state claims for other state violations, plaintiff must have standing to bring the claims.

With regard to Defendant's claim that it is prejudiced by the delay, the Court agrees with Plaintiff that the delay has not caused an undue burden on Defendant. Discovery has not yet started, and a Case Management Order has yet to be entered.

No deadline has been set by this Court for amended complaints or discovery.

Defendant argues that it gave up its due process rights to oppose Plaintiff's motion for a conditional certification. Defendant claims that Plaintiff reneged on mediation as an FLSA collective because the state law claims predominated the mediation. Nothing, however, in allowing the amendment would preclude the mediation of the FLSA claim. Defendant does not detail how the state law claims predominate. Mediation of the FLSA collective remains a viable course of action. Indeed, mediation and resolution of the FLSA collective will affect the status of the state law claims with regard to the Court's supplemental jurisdiction. There is no prejudice to the defendant in allowing an amendment to the pleading that relies on the same basic underlying facts as the original allegations.

Defendant also urges denial based on futility of the amendment. Defendant argues that the Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). The Court agrees with Plaintiff that it is premature for the Court to entertain supplemental jurisdiction issues at this stage, particularly in light of the above discussion regarding mediation. At the outset, it appears that the FLSA claims and the state law claims derive from a common nucleus of operative fact such that Plaintiffs would ordinarily be expected to try them all in one proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Wong v. Minn. Dep't of Human Servs.*, 820 F.3d 922, 932 (8th Cir. 2016).

## Conclusion

Based on the foregoing, the Motion for Leave to File an Amended Complaint, [Doc. No. 73] is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint is granted.

**IT IS FURTHER ORDERED** that the parties shall submit, within 14 days from the date of this Opinion, Memorandum and Order a Status Report regarding the stay entered in this matter and mediation of the FLSA claims.

Dated this 25th day of March, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE