UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JILL HODAPP, individually and on behalf of all those similarly situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>REGIONS BANK,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Case No.  4:18CV1389 HEA<br>)<br>)<br>)<br>)<br>) |

## **OPINIONS, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction, [Doc. No. 100], Defendant's Motion to Dismiss the First Amended Complaint for Failure to State a Claim, [Doc. No. 102]. Plaintiff opposes the Motions. For the reasons set forth below, the Motion to Dismiss for Lack of Jurisdiction will be granted. The Motion to Dismiss for Failure to State a Claim will be denied as moot.

### **Facts and Background**

On August 21, 2018, Plaintiff filed the instant matter asserting that Defendant systematically failed to pay all wages, including overtime wages, owed to her and other hourly employees working at Defendant's retail branches in 16 states in violation of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et*

*seq.*, the Missouri Minimum Wage Law, ("MMWL"), R.S.Mo. § 290.500, *et seq.*, and Missouri common law. Plaintiff filed her Motion for Conditional Certification of the Collective Action and Court-Authorized Notice on August 31. 2018.

Thereafter, the Parties stipulated to conditional certification and notice was sent to the putative class on March 4, 2019.

Since the conclusion of the notice period, the Parties had agreed to participate in a mediation on October 22, 2019 with mediator Fern H. Singer in Birmingham, Alabama. The Court stayed the matter so the parties could participate in the mediation.

Prior to mediation, Plaintiff filed a Motion to Amend.  Plaintiff sought to add ten (10) of the Opt-in Plaintiffs as additional named Plaintiffs and add Rule 23 claims under the wage and hour law and/or common law of each state in which the additional named Plaintiffs worked for Defendant. Plaintiff identified these additional claims upon the completion of the FLSA notice period when individuals from each of the ten states at issue joined the case. The Court granted Plaintiff's Motion to Amend, thereby adding ten (10) additional Plaintiffs who worked in Alabama, Florida, Tennessee, Mississippi, Georgia, Louisiana, Arkansas, Texas, Indiana, and Illinois.

The foreign-state claims allege breach of contract, unjust enrichment, and claims of unpaid wages under the various state statutes.

2

Defendant moves to dismiss these new claims under Rule 12(b)(2) on the grounds that the Court lacks general personal jurisdiction over Regions as it relates to the foreign-state law claims because Missouri is not Regions' state of incorporation or principal place of business; the Court lacks specific personal jurisdiction over Regions as it relates to the out-of-state claims because the foreign-state law claims of out-of-state plaintiffs do not relate to Regions' contacts in Missouri.

Defendant is an Alabama state-chartered commercial bank that maintains its corporate headquarters in Alabama. Defendant's parent company is Regions Financial Corporation, which is incorporated in the state of Delaware with its principal place of business in Alabama.  As of December 31, 2019, Defendant operated 1,428 branches in 15 states across the country, with 56 branches in Missouri.  As of March 25, 2020, Defendant employed approximately 20,116 employees, with 457 of those employees working in Missouri. Except for Plaintiff, the Out-of-State Plaintiffs all worked for Regions at branches located outside of Missouri and seek relief only for alleged hours worked outside of Missouri.

Defendant moves to dismiss the out of state claims for lack of jurisdiction.

## Discussion

In order for the asserted FLSA claims to proceed, the Court must have personal jurisdiction over Defendant with respect to those claims. "Personal

3

jurisdiction... is 'an essential element of the jurisdiction of a district... court,' without which the court is 'powerless to proceed to an adjudication.'" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quoting *Employers Reinsurance Corp. v. Bryant,* 299 U.S. 374, 382 (1937)). "The requirement that a court have personal jurisdiction flows... from the Due Process Clause." *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman,* 571 U.S. 117, 125 (2014).

When faced with a motion to dismiss based on lack of personal jurisdiction, a plaintiff must make a *prima facie* showing that personal jurisdiction exists. This is accomplished by pleading sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state. *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011). The evidentiary showing is minimal and can be shown not only from the pleadings but also from affidavits and exhibits filed in support of or opposition to the motion. *Id.* at 592. The Court must view the evidence in a light most favorable to the plaintiff and resolve factual conflicts in her favor. However, the party seeking to establish the Court's personal jurisdiction carries the burden of proof. The burden does not shift to the party challenging jurisdiction. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014).

4

"The Supreme Court has recognized two theories for evaluating personal jurisdiction: general and specific jurisdiction." *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir. 2008) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984)). Specific jurisdiction exists "when a defendant, through its contacts with the forum, purposefully avails itself of the privilege of conducting business in the forum," and the plaintiff's claim "aris[es] out of or relat[es] to the defendant's contacts with the forum." *Pangaea v. Flying Burrito, LLC,* 647 F.3d 741, 745-46 (8th Cir. 2011) (internal quotation marks and citation omitted); *see also Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG,* 646 F.3d 589, 593 (8th Cir. 2011). "[I]f the exercise of jurisdiction does not depend on the relationship between the cause of action and the defendant's contacts with the forum state, the exercise of personal jurisdiction is one of general jurisdiction." *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 648 (8th Cir. 2003) (citing *Helicopteros*, 466 U.S. at 415). General "all-purpose" jurisdiction exists over a corporate defendant in the state(s) where it is incorporated and where its principal place of business is located, as well as in states where its affiliations are so continuous and systematic – even on activities unrelated to the lawsuit – as to render it essentially at home there. *Daimler AG*, 571 U.S. at 137-39.

This Court lacks general jurisdiction over Defendant. Defendant is neither incorporated in the State of Missouri nor has its principal place of business here.

5

Nor does Defendant's continuous and systematic operation in Missouri of 56 of its 1428 branches, with nothing more, make Defendant essentially at home in Missouri. *Daimler AG*, 571 U.S. at 139; *see also, e.g., Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 54 (D. Mass. 2018). If that is all that is required for general jurisdiction, "the same global reach would presumably be available in every other State" in which Defendant operates its bank. *Daimler AG*, 571 U.S. at 139. "Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Id.* (internal quotation marks and citation omitted).

This Court also lacks specific jurisdiction over Defendant with respect to FLSA claims of non-Missouri employees. Where, as here, a court's subject-matter jurisdiction is based on a federal statute that is silent regarding service of process, *see Roy*, 353 F. Supp. 3d at 53 (Congress did not authorize nationwide service for FLSA), the Court may exercise personal jurisdiction only to the extent permitted by the forum state's long-arm statute. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 108 (1987) (absent a specific federal statute conferring broader personal jurisdiction through nationwide service of process, federal courts are bound by the same state-law principles of personal jurisdiction as their host state); *Velez v. Portfolio Recovery Assocs., Inc.*, 881 F. Supp. 2d 1075, 1082 (E.D.

Mo. 2012). *See also Wallace v. Mathias*, 864 F. Supp. 2d 826, 833 (D. Neb. 2012) (if personal jurisdiction is to be solely based on the reach of a federal statute, the statute must expressly authorize it).

Missouri's long-arm statute authorizes personal jurisdiction over defendants who transact business within the State. Mo. Rev. Stat. § 506.500.1(1). "A person or firm transacts business by visiting Missouri or sending its product or advertising here." *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 476 (8th Cir. 2012). The statute is construed broadly, such that if a defendant engages in a specified act, the statute will be interpreted "to provide for jurisdiction... to the full extent permitted by the Due Process Clause." *Viasystems*, 646 F.3d at 593 (internal quotation marks and citation omitted). Due process permits the exercise of specific jurisdiction "if a defendant purposefully directs its activities at residents of the forum state, 'and the litigation results from alleged injuries that 'arise out of or relate to' those activities[.]' " *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 912 (8th Cir. 2012) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)).

Relying on *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773 (2017), Defendant argues that this Court lacks specific jurisdiction over the FLSA claims brought on behalf of putative collective-

action plaintiffs employed outside Missouri because those claims do not "arise out of or relate to" Defendant's contacts with Missouri.

Due process requires that a court has specific jurisdiction over a defendant in a mass action only if the action arises out of or relates to that defendant's contacts with the forum. *Bristol-Myers*, 137 S. Ct. at 1780.  In *Bristol-Myers*, more than 600 plaintiffs brought eight separate lawsuits in California state court claiming that the drug Plavix injured them. *Id.* at 1777. Only eighty-six of the plaintiffs were California residents; the remaining 592 plaintiffs were from states other than California. *Id.* at 1778. Bristol-Myers contested the California court's jurisdiction, and the California Supreme Court ultimately determined that California could constitutionally exercise specific jurisdiction over Bristol-Myers using a "sliding-scale" approach. *Id.* The California Supreme Court found that Bristol-Myers' extensive contacts with the state and the similarities between the claims of nonresidents and residents allowed California to exercise specific jurisdiction over it, even though there was little direct connection between Bristol-Myers' contacts and the nonresident-plaintiffs' claims. *Bristol-Myers*, 137 S. Ct. at 1779.

The United States Supreme Court reversed, finding that California courts did not have specific jurisdiction to entertain the nonresidents' claims against Bristol-Myers. The Court noted that, under "settled principles" of specific jurisdiction, "for a court to exercise specific jurisdiction over a claim, there must be an

'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State [and is therefore subject to the State's regulation].'" *Bristol-Myers*, 137 S. Ct. at 1781 (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The Court found that connection to be lacking with respect to the nonresidents' claims where the nonresidents were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California. *Id.* "The mere fact that *other* plaintiffs were prescribed, obtained, and ingested Plavix in California – and allegedly sustained the same injuries as did the nonresidents – does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id.* What was needed – and what the Court found was missing – was a "connection between the forum and the specific claims at issue." *Id.*

*Bristol-Myers* was a state-court action raising only state-law claims. Notwithstanding, *Bristol-Myers*' due process concerns apply with equal force to FLSA federal-question actions that involve nonresident claims against non-forum defendants. An FLSA collective action allows as plaintiffs only those persons who "opt in" to the lawsuit, and those persons are thereafter considered a "party plaintiff." 29 U.S.C. § 216(b). The existence of a collective action under § 216(b) depends on the active participation of these opt-in party plaintiffs. *Roy*, 353 F.

9

Supp. 3d at 59. "[O]nly the employees who affirmatively opt into the suit by filing their written consent are parties who are bound or may benefit from judgment." *Id.* (internal quotation marks and citation omitted). Accordingly, § 216(b) "is properly viewed as a rule of joinder under which only the individual opt-in plaintiffs have legal status." *Id.* (internal quotation marks and citation omitted). In other words, only by and through their active participation in an FLSA collective action may opt-in party plaintiffs obtain relief on their individual claims. This circumstance makes the opt-in plaintiffs in an FLSA collective action analogous to the individual plaintiffs who were joined as parties in *Bristol- Myers*. *See Roy*, 353 F. Supp. 3d at 59-60. The Seventh Circuit Court of Appeals recently adopted this position with respect to the Telephone Consumer Protection Act. *See Mussat v. IQVIA, Inc.*, 953 F.3d 441 (7th Cir. 2020).

  The Court is aware that district courts across the country are split on whether *Bristol-Myers* applies to FLSA collective actions. Some courts liken potential opt-in plaintiffs in an FLSA action to members of a class action, while others hold them more akin to individual plaintiffs and apply *Bristol-Myers*. Courts that have declined to apply *Bristol-Myers* to FLSA collective actions reason that opt-in plaintiffs are more like members of a class action. *See, e.g., Swamy v. Title Source, Inc.*, No. C 17-01175 WHA, 2017 WL 5196780 (N.D. Cal. Nov. 10, 2017); *Mason v. Lumber Liquidators, Inc.*, No. 17-CV-4780 (MKB), 2019 WL 2088609

(E.D.N.Y. May 13, 2019), *R&R aff'd*, No. 17CV4780MKBRLM, 2019 WL 3940846 (E.D.N.Y. Aug. 19, 2019). Applying policy considerations, these courts reason that applying *Bristol-Myers* in FLSA cases would "splinter most nationwide collective actions, trespass on the expressed intent of Congress, and greatly diminish the efficacy of FLSA collective actions as a means to vindicate employees' rights." *Swamy* 2017 WL 5196780, at *2. On the other hand, courts that have applied *Bristol-Myers* to FLSA collective actions reason that opt-in plaintiffs are more like individual plaintiffs joined in a mass action. *See, White v. Steak N Shake Inc.*, No. 4:20 CV 323 CDP, 2020 WL 1703938, at *1–5 (E.D. Mo. Apr. 8, 2020); *Roy*, 353 F. Supp. 3d 43; *Maclin v. Reliable Reports of Texas, Inc.*, 414 F. Supp. 3d 845 (N.D. Ohio 2018). Applying due process considerations, these courts reason that out-of-state opt-in plaintiffs in an FLSA collective action have even less of a connection to the forum than the out-of-state plaintiffs in the *Bristol-Myers* mass tort action. *See, e.g., Maclin*, 414 F. Supp. 3d at 850.

The Eighth Circuit has not yet examined the issues. Even within the Eighth Circuit, however, there are divergent views. In *Vallone v. CJS Sols. Grp., LLC*, the District of Minnesota applied the due process considerations derived from the *Maclin* and *Roy* line of cases and determined that *Bristol-Myers* applies to FLSA cases; thereupon concluding that it did not have personal jurisdiction over putative out-of-state opt-in plaintiffs in that FLSA collective action. No. CV 19-1532

11

(PAM/DTS), 2020 WL 568889 (D. Minn. Feb. 5, 2020). In *Turner v. Concentrix Servs., Inc.*, however, the Western District of Arkansas applied the policy considerations set out in *Swamy* and its progeny and concluded that *Bristol-Myers* did not apply to FLSA cases. No. 1:18-cv-1072, 2020 WL 544705 (W.D. Ark. Feb. 3, 2020).

The Court agrees with the reasoning set out in *White, Maclin*, *Roy*, and *Vallone* based on longstanding due process principles. Because putative plaintiffs in an FLSA collective action are required to opt in to the action, are thereafter considered "party plaintiffs" to the action, and may obtain relief on their individual claims in the action only by actively participating as party plaintiffs, due process requires that their alleged injuries "arise out of or relate to" Defendant's activities within the forum state – Missouri.

Because this due process requirement cannot be satisfied for potential opt-in plaintiffs who did not work at Defendant branch banks located in Missouri, this Court cannot exercise specific personal jurisdiction over Defendant regarding the FLSA claims Plaintiff seeks to pursue here in their behalf.

Plaintiff argues Defendant has consented to personal jurisdiction with regard to the newly named out of state plaintiffs or has waived its objection to the Court's personal jurisdiction. Plaintiff argues Defendant consented to personal jurisdiction when it agreed to conditional certification for mediation purposes.  As Defendant

correctly argues, it did not consent to personal jurisdiction over the FLSA claims of the out of state plaintiffs since at the time of the agreement, the out of state plaintiffs were not yet parties to the litigation.

Defendant has not waived its personal jurisdiction challenge. The very basis of the motion to dismiss challenges the Court's personal jurisdiction with respect to the state law claims of the out of state Plaintiffs and seeks dismissal solely of these claims. Defendant has taken no action inconsistent with its motion to dismiss Counts V-XXVII.

In that *Bristol-Meyers* applies, personal jurisdiction over Defendant does not exist. As such, Plaintiff's pendant jurisdiction argument is moot.

## Conclusion

Based on the foregoing, Defendant's Motion to Dismiss for lack of personal jurisdiction is well taken and will be granted. Defendant's Motion to Dismiss for Failure to State a Claim has been rendered moot by the findings and conclusions herein.

Accordingly,

**IT IS HEREBY ORDERED** that Motion to Dismiss for Lack of Jurisdiction, [Doc. No. 100], is **GRANTED.**

**IT IS FURTHER ORDERED** that Counts V through XXVII of the First Amended Complaint are **dismissed**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss the First Amended Complaint for Failure to State a Claim, [Doc. No. 102], is denied as moot.

Dated this 18th day of December, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE